# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| MAURICE KEVIN SMITH, ) <br> ) <br> *Debtor-Appellant*, ) <br> v. ) <br> ) <br> JOHN P. FITZGERALD, III, ACTING UNITED ) <br> STATES TRUSTEE, ) <br> ) <br> *Trustee-Appellee*. ) <br> ) | Civil No. 1:18-cv-1181 <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on appeal from the bankruptcy court's denial of Mr. Smith's motion to reopen his bankruptcy case, which was closed without discharge after Mr. Smith failed to timely file a Certificate of Completion of Financial Management Course. The issue on appeal is: "Whether the bankruptcy court abused its discretion by denying Mr. Smith's motion to reopen his case, seven years after it was closed, so that he could file an untimely certificate of completion of a required financial management course and obtain a discharge of his debts." Appellee Br. at 2.

### I. BACKGROUND

To obtain a discharge through bankruptcy, debtors are required to complete a personal financial management course and file a certification of completion of the course with the bankruptcy court. 11 U.S.C. § 727(a)(11); Fed. R. Brankr. P. 4004(c)(1)(H). Mr. Smith was given notice of this requirement on October 22, 2010. UST 000047–48. On April 13, 2011, Mr. Smith's bankruptcy case was closed without discharge because Mr. Smith had failed to timely

file the required course certification. Br. Dkt. 135. Mr. Smith was given notice that his case was closed on April 15, 2011. Br. Dkt. 136.

Almost four months later, Mr. Smith completed the required personal financial management course. Dkt. 11 at 10 (Certificate of Debtor Education dated August 3, 2011). Mr. Smith did not move to reopen his bankruptcy case at that time because he "lacked the funds necessary to reopen the case." Dkt. 11 at 4.

Instead, Mr. Smith waited until July 27, 2018 – over seven years after his case was closed – to file his certification and move to reopen the bankruptcy case. Br. Dkt. 137–38. The bankruptcy court denied Mr. Smith's motion to reopen the case at a hearing on August 28, 2018 and issued the appealed Order three days later. Br. Dkt. 144–45.

Mr. Smith timely filed the present appeal on September 17, 2018. In his appeal, Mr. Smith states that he "is aware of the timelines and Bankruptcy rules." Dkt. 11 at 3. He further explains that "the deadlines were not missed due to negligence" because it was his "original intention not to discharge debt but to repay all creditors with anticipated funds." *Id.* Mr. Smith now seeks to reopen his bankruptcy case because his creditors are demanding his non-discharged debts and it would be less burdensome to reopen his 2009 bankruptcy case than to file a new bankruptcy case. *Id.* at 4.

## II. STANDARD OF REVIEW

A bankruptcy court's denial of a motion to reopen a closed bankruptcy case can be reversed only for abuse of discretion. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326–27 (4th Cir. 1984). A court "abuses its discretion only if its conclusions are based on mistaken legal principles or clearly erroneous factual findings." *People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001).

2

## III. ANALYSIS

In determining whether good cause exists to reopen a closed bankruptcy case to allow a debtor to file a late financial course certification, courts generally consider the following four factors: (1) whether the debtor has a reasonable explanation for the failure to comply with the financial course certification requirements, (2) whether the fault for the delay lies with counsel, (3) whether the request to reopen was timely, and (4) whether creditors will be prejudiced if the case is reopened. *See, e.g., In re Lockhart*, 582 B.R. 1, 4 (E.D. Mich. 2018); *In re Chrisman*, 2016 WL 4447251, at *2 (N.D. Ohio Aug. 22, 2016).[1] The bankruptcy court's decision not to reopen Mr. Smith's bankruptcy case is supported by all four factors.

First, Mr. Smith has not provided a reasonable explanation for his failure to comply with the financial course certification requirements. At the bankruptcy court, Mr. Smith claimed that his failure to comply with the certification requirements was because he had taken the course using his business's name and the certification from that course was rejected. UST 000052 (motion to reopen); UST 000072–73 (bankruptcy court hearing transcript). Mr. Smith's explanation is not corroborated by the record below. *See* UST 000001–22 (bankruptcy docket sheet); UST 000073 (Judge Kenney explaining that the docket does not show that any certifications were filed). Furthermore, the explanation Mr. Smith gave to the bankruptcy court for his noncompliance and delay does not explain either why he waited almost four months after receiving notice that the case was closed to take the required course or why he waited almost another seven years to move to reopen his case.

Mr. Smith's new explanations on appeal also do not provide good cause for his noncompliance. Mr. Smith admits that he was aware of the bankruptcy requirements and

---

[1] While courts have employed slightly different variations of this test in different circumstances, the Court believes that this articulation of the test is the most appropriate given the circumstances of this case.

deadlines, and that his failure to file the certification was intentional. Mr. Smith's financial difficulties at the time do not excuse his failure to file the certification and move to reopen his case in 2011.

Second, Mr. Smith's failure to timely comply with the education and certification requirements was not due to the fault of any counsel as Mr. Smith was proceeding *pro se* during the relevant times of his bankruptcy case. Debtors are not excused from the education and certification requirements merely because they lack the assistance of counsel. *In re Chrisman*, 2016 WL 4447251, at *2.

Third and fourth, Mr. Smith's motion to reopen his case seven years after it was closed is untimely and would prejudice his creditors. *In re Lockhart*, 582 B.R. at 4–5 (collecting cases and explaining that the court "has denied motions to reopen in several cases, where the delay ranged from 11 months to more than 8 years"); *In re Chrisman*, 2016 WL 4447251, at *2–3 (denying request to reopen because "the seven year delay" in filing the request was "extreme" and prejudicial to creditors); *In re Johnson*, 500 B.R. 594 (2013) (finding a motion to reopen untimely because it was not made for four years and "[t]he only reason giving for filing the application now is that creditors have begun collection efforts.").

Mr. Smith's alleged need to file for bankruptcy at this time also does not demonstrate that the bankruptcy court abused its discretion in declining to reopen his 2009 bankruptcy case. As the bankruptcy court noted at its hearing, Mr. Smith is free to file a new bankruptcy case that would properly reflect Mr. Smith's current debts and adjust the relevant time period for dischargeable debts.

Mr. Smith's remaining arguments were not raised before the bankruptcy court and do not appear to concern the decision appealed in this case. As a result, they do not show that the bankruptcy court abused its discretion in denying Mr. Smith's request to reopen.

## IV. CONCLUSION

For these reasons, the Court finds that the bankruptcy court did not abuse its discretion in denying Mr. Smith's motion to reopen his bankruptcy case. Accordingly, the appealed ruling of the bankruptcy court is **AFFIRMED**.

It is **SO ORDERED**.

January 9, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge